**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL A. GALLAGHER,
Plaintiff-Appellant,

v.

KLINE IMPORTS ARLINGTON,
INCORPORATED, d/b/a Kline Toyota

No. 97-1711

Arlington,
Defendant-Appellee,

and

GUILLERMO PAZ,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1153-A)

Submitted: January 6, 1998

Decided: January 21, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Quinn, CLAXTON, SALE & QUINN, P.C., Washington,
D.C., for Appellant. Anthony E. Grimaldi, DOHERTY, SHERIDAN
& GRIMALDI, L.L.P., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Paul A. Gallagher sued Kline Imports Arlington ("Kline Toyota"), after he was struck while standing in Kline's parking lot by an automobile driven by Guillermo Paz.[1] In his complaint, Gallagher asserted that Kline Toyota negligently maintained its parking lot in an overcrowded condition without sidewalks and guard rails to protect standing pedestrians. The district court granted summary judgment in favor of Kline Toyota. Finding no reversible error, we affirm.

A Kline Toyota salesman met Gallagher in the dealership's parking lot, where they discussed Gallagher's purchase of a truck. Meanwhile, Paz was attempting to leave the lot, but the nearest exit was blocked. Paz engaged in a series of quick start and stop maneuvers in attempting to leave the lot. Paz testified that when he saw Gallagher, he attempted to apply the brakes quickly, but hit the accelerator instead. Paz's automobile accelerated backward and struck Gallagher.

In its motion for summary judgment, Kline Toyota asserted that the sole proximate cause of the accident was Paz's negligent operation of his automobile. The district court granted Kline Toyota's motion, holding that Paz's negligence was an intervening cause that superseded any alleged negligence on the part of Kline Toyota, and that Paz's conduct was the sole proximate cause of Gallagher's injuries.

We review the district court's summary judgment ruling de novo.[2]

_____

[1] Paz was dismissed as a party to the lawsuit pursuant to a settlement agreement with Gallagher.

[2] See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995).

2

Summary judgment is only appropriate when there are no genuine issues of material fact.[3]

Proximate cause is defined as "that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, where, had it not happened, the injury would not have been inflicted."[4] However, it is possible for an entirely independent and intervening wrongful act to break the chain of causation and become the sole proximate cause of a plaintiff's injury.[5]

When persons of reasonable minds may not fairly differ on the proper inferences to be drawn from the facts, the issue of proximate cause becomes a question of law for the court.[6] Viewing the record in the light most favorable to Gallagher, we find that reasonable minds could not differ as to the proximate cause of Gallagher's injuries. If it were not for Paz's negligently applying the accelerator instead of the brake, regardless of the parking lot's crowded conditions, he would not have struck Gallagher.

Accordingly, we find that Paz's independent, intervening negligence was the sole proximate cause of Gallagher's injuries. Therefore, we affirm the court's order granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[3] **See** Fed. R. Civ. P. 56(c).
[4] **Von Roy v. Whitescarver**, 89 S.E.2d 346, 352 (Va. 1955) (internal citations omitted).
[5] **See Cooper v. Ingersoll Rand Co.**, 628 F. Supp. 1488, 1493 (W.D. Va. 1986); Maroulis v. Elliott, 151 S.E.2d 339, 345 (Va. 1966).
[6] **See Hubbard v. Murray**, 3 S.E.2d 397, 402 (Va. 1939).

3